**FILED**
DEC 1 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CLARENCE STRINGER, )
2501 2ND ST NE )
WASHINGTON, D.C. 20002 )
(202) 832-6149       Plaintiff )
)
vs

HENRY M. PAULSON JR., SECRETARY
U.S DEPARTMENT OF TREASURY
Official Capacity
MS. BRENDA VEAL-MUNOZ
Official & Individual Capacity
LARRY FELIX, DIRECTOR
Official Capacity

)
)
)
)
)
)
)
)
)
Defendants )

CASE NUMBER  1:06CV02098
JUDGE: Reggie B. Walton
DECK TYPE: Civil Rights (non-employm
DATE STAMP: 12/11/2006

## COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS
## FOR DECLARATORY JUDGMENT AND INJUNCTION
## AGAINST UNCONSTITUTIONAL DENIAL OF DUE PROCESS

Plaintiff Alleges:

### NATURE OF THE ACTION

1. This is an action in which Plaintiff seeks to have this Court declare unlawful and enjoin certain policies and practices of the Defendants, which Plaintiff alleges denies him the benefit of process due him according to the Collective Bargaining Agreement (Contract) between the U.S. Department of the Treasury (Bureau) and Columbia Lodge 174. The bases for this action are the Plaintiff is not a member of the union; but, Article 33, Titled Grievance Procedure, allows an employee to grieve a matter. (Ex.A) According to Section 6, Step 1, a supervisor or management official must meet with the grievant within three (3) calendar days to discuss or resolve the grievance, and the Bureau's Acting Chief Ms. Veal-Munoz failed to follow procedure in this regard. Ms. Veal-Munoz

1

also failed to provide a written answer stating the results of her investigation and deliberation of the grievance. All of these violated the Plaintiff's rights to due process.

## JURISDICTION

2. This Court has jurisdiction of this action by virtue of Title 28 Sec. 1343(a),(3) and 1343(a),(4), authorizing jurisdiction of claims bought under Title 42 Sec. 1983; to enforce rights guaranteed by the due process clause of the Fourteenth Amendment of the United States Constitution, and by virtue of Title 28 U.S.C. Sec. 1331. This action also seeks declaratory judgment pursuant to Title 28 Sec. 2201 and 2202.

3. Venue is proper in this Court because the acts complained of therein occurred within the District of Columbia.

## PARTIES

4. Clarence Stringer, the Plaintiff, is of African-American descent and resides at 2501 2nd Street NE, Washington DC 20002; and, is employed by the Bureau as a Final Verifier.

5. Henry M. Paulson Jr. is the current Secretary of the U.S. Department of the Treasury.

6. Ms. Brenda Veal-Munoz is a member of the majority race; and, the Acting Chief of the Office of Compliance for the Bureau.

7. Larry Felix is African American; and, the Director of Engraving and Printing for the Bureau.

## FACTUAL ALLEGATIONS

8. On September 18, 2006, Bureau Supervisor Mary Smith charged the Plaintiff with being AWOL on September 15, 2006, unless proper documentation was submitted.

2

9. On September 22, 2006, Clifton Davis Jr. of the Bureau's Accountability Operations Branch upheld Mary Smith's AWOL Charge against the Plaintiff.

10. According to Section 6 of Article 33 of the Collective Bargaining Agreement, on or about September 22, 2006, the Plaintiff appealed Smith's charge to Clifton Davis, of Accountability of Operations.

11. Clifton Davis failed to respond to the Plaintiff's grievance within fifteen (15) days.

12. On or about September 27, 2006, in accordance with Section 6, Step 1 of Article 33 of the Agreement, the Plaintiff filed his grievance with Acting Chief Ms. Veal-Munoz.

13. According to Step 1 under Section 6 of Article 33, Acting Chief Veal-Munoz must meet and discuss the grievance with the Plaintiff within three (3) days of receipt of the same, filed on September 27, 2006.

14. Acting Chief Veal-Munoz failed or refused to meet and discuss the grievance with the Plaintiff from September 27, 2006 thru September 30, 2006, a violation of the Agreement, and the Plaintiff's right to due process as guaranteed under the Fourteenth (14) Amendment of the U.S. Constitution.

15. According to Step 1 under Section 6 of Article 33, Acting Chief Veal-Munoz must investigate, deliberate, and respond in writing to the Plaintiff within five (5) days of receipt of the grievance, submitted on or about September 27, 2006.

16. Acting Chief Veal-Munoz (white) failed or refused to submit a written statement supporting her investigation and deliberation of the grievance, a violation of

3

16. In accordance with Step 2 of Section 6 of Article 33 of the Agreement, the Plaintiff appealed Acting Chief Veal-Munoz's non-response to CFO Olijar on or about October 20, 2006.

17. In accordance with the Agreement, CFO Olijar responded within three (3) days, and ordered Acting Chief Veal-Munoz to respond to the Plaintiff's grievance in writing.

18. On or about October 23, 2006, Acting Chief Veal-Munoz met with the Plaintiff in person, and issued a finding stating facts there not relevant to the September 15, 2006 AWOL Charge in finding that that charge was supported by the facts. Therefore, Smith's charge was upheld.

19. On or about October 30, 2006, the Plaintiff appealed his grievance to the Director of the Bureau's Engraving and Printing Division, Larry Felix.

20. On or about November 22, 2006, Director Felix found the grievance was properly handled, a decision inopposite to Section 6, Step 1 and Step 2 of Article 33 of the Collective Agreement. Furthermore, the Director referred the grievance back to Acting Chief Veal-Munoz, instead of dismissing the AWOL Charge because Acting Chief Veal-Munoz had violated the process due the Plaintiff under the Agreement.

## CLAIMS

21. Section 6, Steps 1 and 2 of Article 33 of the Agreement between the Bureau and Columbia Lodge 174 declares the grievance process agreed to by the former and the latter. Acting Chief Veal-Munoz and Director Larry Felix violated the spirit and the letter of the Agreement by not dismissing the Bureau's Supervisor Mary Smith's September 18, 2006 AWOL Charge against the Plaintiff.

## CLAIMS

22. Section 6, Steps 1 and 2 of Article 33 of the Agreement between the Bureau and Columbia Lodge 174 is the rule and guide for the grievance process. The former and the latter agreed to abide by this process. Acting Chief Veal-Munoz and Director Larry Felix violated the spirit and the letter of the Agreement by not dismissing Supervisor Mary Smith's September 18, 2006 AWOL Charge against the Plaintiff.

a. Felix and Munoz's decisions deprive the Plaintiff of his liberties to use his sick and annual leave without due process of law, in violation of the Fourteenth Amendment of the U.S. Constitution.

b. The right of the Plaintiff to exercise his liberty to enjoy the pursuit of his lively hood without undo interference from management.

c. The right of the Plaintiff to exercise his right to leave under the Agreement without interference from his Supervisor and Management.

d. The right of the Plaintiff to have his Supervisor and Management reduce to writing the reason why his request for leave was denied.

f. The right of the Plaintiff to use his leave for medical or dental purposes without an explanation, unless abuse of the same is noted in his record.

g. The right of the Plaintiff to have the AWOL Charge dismissed because Management failed or refused to follow Section 6, Step 1 and 2 of Article 33 of the Agreement.

## PRAYER

WHEREFORE Plaintiff prays that this Court:

1. Assume jurisdiction of this action

5

2. Issue a temporary restraining order, a preliminary injunction, and a permanent injunction restraining Defendants and their employees, agents, and servants from enforcing Director Felix's November 22, 2006 order and findings.

3. Declare Director Felix's November 22, 2006 order and findings violates the Constitution of the United States, as set forth above;

4. Award Plaintiff his costs, pursuant to 42 U.S.C. Sec. 1988; and

5 Enter such other and further relief as the Court deems just and proper.

Respectfully Submitted,

*Clarence Stringer*

Clarence Stringer, pro se
2501 2nd Street NE
Washington, DC, 20002
(202) 832-6149

## ARTICLE 33

## GRIEVANCE PROCEDURE

**Section 1** The purpose of the Article is to provide for a mutually acceptable method for the prompt and equitable settlement of grievances which may arise during the life of the Agreement. In the event an employee chooses to grieve a matter according to the negotiated grievance procedure as outlined in this Article, when the Union has been designated as representative, the grievant will be bound by the union's decision to accept settlement at any step of these procedures.

**Section 2** This negotiated procedures shall apply to any complaints:

1. by any employee concerning any matter relating to the employment of any employee;

2. by the Union concerning any matter relating to the employment of any employee; or

3. by any employee, the Union, or the Employer concerning

    (a) the effect or interpretation, or a claim of breach, of the collective bargaining agreement; or

    (b) any claim violation, misinterpretation, or misapplication or any law, rule, or regulation affection conditions of employment.

**Section 3** Excluded from coverage of this Article will be those matters relating to:

(A) Any claim violation relating to prohibited political activities;
(B) Retirement, life insurance or health insurance;
(C) A suspension or removal under Section 7532 to Title VII (National Security);
(D) Any examination, certification, or appointment;
(E) The classification of any position which does not result in reduction in grad or pay of the employee;
(F) Non-adoption of a suggestion or disapproval of a quality step increase, performance awards, or other kind of honorary or discretionary awards;
(G) Non-selection for promotion from a group of properly ranked and certified employees;
(H) Removal, suspension, furlough without pay, or separation of probationary employees;

06 2098

**FILED**

DEC 1 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ex A

(I) A security determination that an employee is not suitable to occupy a critical sensitive position.

**Section 4** An employee presenting a grievance shall;

(a) be assured freedom from restraint, interference, coercion, discrimination or reprisal;
(b) have the right to represent himself, or may be represented by the Union and;
(c) be assured a reasonable amount of official time if he/she is otherwise in an active duty status. Further a properly designated representative shall be similarly assured freedom from restraint, interference, coercion, discrimination, or reprisal, and be assured a reasonable amount of official time if he/she is otherwise in an active duty status.

**Section 5** A grievance must be presented within fifteen (15) calendar days after the occurrence of the matter out of which the grievance arose, or within fifteen (15) calendar days after the aggrieved reasonably should have become aware of the matter at issue. Any grievance failing to comply with these time limits shall not be presented or considered at a later date. Failure to advance a grievance to the next step in accordance with the established time limits shall be deemed untimely. Extensions may be mutually agreed upon to provide for unusual cases; all such extensions must be in writing. Failure by the Employer to respond within time limits any step shall permit the grievance to be advanced to the next step.

**Section 6** The grievance shall be first presented informally to the lowest level supervisor or management official with the authority to resolve the grievance. If the issue is not resolved at that stage, the grievance may be advanced formally to Step I.

Step 1. The grievance, in writing must identify (1) the nature of the grievance; (2) the specific provision(s) of the Agreement, law, rule or regulation alleged to have been violated; and (3) the remedy desired to settle the grievance. The grievance shall be presented in writing to the next higher level supervisor or management official. The supervisor or management official shall meet with the grievant and the Union Representative(s) (up to two) within three (3) calendar days to discuss or resolve the grievance. The Step 1 Official, after investigating and deliberation, shall give his written answer within five (5) calendar days.

If the grievance is not settled at this level, the employee or their designated Union Representative may, within three (3) calendar days, arrange for a meeting with the next higher level supervisor or management official in an effort to resolve the grievance.

Step 2 The next higher level supervisor or management official shall meet with the grievance and his Union Representative, if he has elected to be represented,

within seven (7) calendar days after receipt of such request. The supervisor or management official shall give his answer in writing within seven (7) days.

If the Union is not satisfied with the Step 2 decision, the Union may, within thirty (30) calendar day thereafter, send a formal written notice to the Director of its intent to submit the grievance to arbitration. The Director retains the right to review the grievance and offer settlement to the Union.

Section 7. It is agreed that when a grievance decision is accepted or the grievance is terminated or withdrawn by the grievant at any step, it will be considered to be completed in its entirety, and no further action will be taken regarding the grievance.

Section 8. An aggrieved employee affected by a removal or other adverse action, may, at his/her option, raise the matter under a statutory appellate procedure or this grievance procedure, but not both. For the purpose of this section and pursuant to Section 7121(e)(1) of the Federal Service Labor-Management Relations Statute, an employee shall be deemed to have exercised his option under this section when the employee files a timely notice of appeal under the appellate procedure, or files a timely grievance in writing under this grievance procedure, whichever event occurs first.

Section 9. Grievances initiated by the Employer will be processed in accordance with the following:

A Grievance must be presented within fifteen (15) calendar days after the occurrence of the matter out of which the grievance arose, or within fifteen (15) calendar days after the aggrieved reasonably should have become aware of the matter at issue. Any grievance failing to comply with these time limits shall not be presented or considered at a later date. Failure to advance a grievance to the next step in accordance with the established time limits shall be deemed untimely. Extensions may be mutually agreed upon to provide for unusual cases; all such extensions must be in writing. Failure by the Union to respond within the time limits at any step shall permit the grievance to be advance to the next step.

Step 1: The Employer will present a grievance in writing to the Union within fifteen (15) calendar days after occurrence of the action or incident being grieved or within fifteen (15) calendar days after the Employer reasonably should have become aware of the matter at issue. The grievance, in writing, must identify (1) the nature of the grievance; (2) the specific provision(s) of the Agreement, law, rule or regulation alleged to be have been violated; and (3) the remedy desired to settle the grievance. The grievance will be presented to the highest level Union Official at the Bureau. Within three (3) calendar days of filing the parties shall arrange a meeting to resolve the grievance. The Union will advise the Employer in writing of its decision within five (5) calendar days.

Step 2. If the grievance is not settle at this level, the Employer may, within fifteen (15) calendar days, arrange for a meeting with the Business Representative in an effect to resolve the grievance. The Business Representative will advise the Employer in writing of his/her decision with respect to the grievance within seven (7) calendar days.

Step 3. If dissatisfied with the decision, the Employer may invoke arbitration under the terms of this Labor-Management Agreement.