UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARENCE STRINGER ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No: 06-2098 (RBW) |
| ) | |
| HENRY M. PAULSON, SECRETARY ) | |
| OF TREASURY, et al. ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE INTERROGATORIES ON DEFENDANT BRENDA VEAL-MUNOZ AND MOTION FOR ENLARGEMENT OF TIME TO SERVE SUMMONS AND COMPLAINT ON BRENDA VEAL-MUNOZ IN HER INDIVIDUAL CAPACITY

The United States Department of the Treasury and federal defendants Secretary of the Treasury Henry M. Paulson, Jr., Larry Felix, and Brenda Veal-Munoz in their official capacities hereby submit this response to the plaintiff's (1) motion for leave to serve interrogatories on defendant Brenda Veal-Munoz and (2) motion for enlargement of time to serve summons and complaint on defendant Brenda-Veal Munoz in her individual capacity. For the reasons set forth below, the defendants object to the plaintiff's motion to serve interrogatories but do not oppose plaintiff's motion for enlargement of time.

### DISCUSSION

**A. Plaintiff's Motion for Leave to Serve Interrogatories on Defendant Brenda Veal-Munoz**

Plaintiff moves this Court for leave to serve four interrogatories on defendant Brenda Veal-Munoz.[1] Plaintiff does not state specifically what four interrogatories he seeks to

---

[1] To the extent that Ms. Veal-Munoz has not yet been served with this complaint in her individual capacity, defendants view plaintiff's motion to serve interrogatories as against the

propound, but does appear to indicate that at least one of the interrogatories relates to Ms. Veal-Munoz's home address. Plaintiff indicates that Rule 4 of the Federal Rules of Civil Procedure "requires service upon an individual at their resident" and that he needs Ms. Veal-Munoz's home address in order to effect service upon her in her individual capacity. Defendant opposes plaintiff's motion.

First, to the extent that plaintiff is seeking discovery related to Ms. Veal-Munoz's home address, defendant objects to this motion because such information is protected by the Privacy Act, *see* 5 U.S.C. § 552a(b), and is not necessary to comply with Fed. R. Civ. P. 4(e). Based upon the defendant's reading of Rule 4(e), in addition to service upon an individual defendant's dwelling house or usual place of abode, plaintiff can also effect service under this rule by delivering a copy of the summons and of the complaint "to the individual personally" or "to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Plaintiff has not even alleged that he has made any efforts to effect service through these other means, nor has he established any efforts on his part to locate Ms. Veal-Munoz's home address before filing this motion.

Second, to the extent that plaintiff is seeking to propound four interrogatories, defendant further objects because discovery is premature and plaintiff has not established any basis for initiating discovery at this stage of the complaint. The plaintiff does not indicate the specific interrogatories that he seeks to propound, nor does he explain why such interrogatories must be propounded at this time. For this reason alone, plaintiff's motion should be denied. Moreover, based upon an initial review of plaintiff's complaint, the defendant believes that a dispositive

---

Department of the Treasury.

2

motion will likely resolve this complaint. As such, it is not in the interests of judicial economy to compel the parties to engage in discovery at this time.

### B. Plaintiff's Motion for Enlargement of Time to Serve Summons and Complaint on Defendant Brenda Veal-Munoz in her Individual Capacity

Plaintiff also moves for an enlargement of time to serve a copy of the complaint and summons upon Ms. Veal-Munoz in her individual capacity. Plaintiff claims that he is required to serve Ms. Veal-Munoz with a copy of the summons and complaint within sixty (60) days of filing his complaint. Plaintiff states that he filed his complaint on December 11, 2006 and calculates that he has until February 11, 2007 to serve Ms. Veal-Munoz pursuant to Rule 4. Plaintiff moves for an enlargement of time until March 11, 2007.

Based upon the defendant's reading of Rule 4(m) (allowing 120 days for service), the plaintiff's request for enlargement is still within the time limits for service. As such, to the extent an extension is necessary, defendant does not object to plaintiff's motion.

### CONCLUSION

For the foregoing reasons, the defendant respectfully requests that the Court deny the plaintiff's motion for leave to serve interrogatories. However, the defendant does not object to plaintiff's motion for enlargement.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

3

_____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE INTERROGATORIES ON DEFENDANT BRENDA VEAL-MUNOZ AND MOTION FOR ENLARGEMENT OF TIME TO SERVE SUMMONS AND COMPLAINT ON BRENDA VEAL-MUNOZ IN HER INDIVIDUAL CAPACITY** was filed via the Court's electronic filing system and a copy mailed to pro se Plaintiff by first class postage prepaid to:

> CLARENCE STRINGER
> 2501 2nd Street NE
> Washington, DC  20002

on this 24th day of January, 2007.

_____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (facsimile)
(202) 514-8780 (telephone)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARENCE STRINGER )<br>)<br>Plaintiff, )<br>v. )<br>)<br>HENRY M. PAULSON, SECRETARY )<br>OF TREASURY, et al. )<br>)<br>Defendants. ) | Case No: 06-2098 (RBW) |

## ORDER

Upon consideration of "Defendant's Response to Plaintiff's Motion for Leave to Serve Interrogatories on Defendant Brenda Veal-Munoz and Motion for Enlargement of Time to Serve Summons and Complaint on Brenda Veal-Munoz in her Individual Capacity" and the entire record herein, it is this _____ day of _____, 2007

ORDERED that Plaintiff's motion for leave to serve interrogatories is hereby DENIED, and

ORDERED that Plaintiff's motion for enlargement of time is hereby GRANTED.

SO ORDERED.

_____
UNITED STATES DISTRICT COURT JUDGE