UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
CLARENCE STRINGER                )
                                 )
         Plaintiff,              )
                                 )
    v.                           )    Civil Action No.  06-2098 (RBW)
                                 )
HENRY M. PAULSON JR., et al.     )
SECRETARY                        )
US DEPARTMENT OF THE TREASURY    )
                                 )
         Defendants.             )
_____)

## ORDER

Currently before the Court are the plaintiff's Motion to the Clerk of the Court to Issue a Subpoena Duces Tecum for the Production of Certain Documents from a Non-party Postmaster of the United States Postal Service and Motion for Leave to Serve Interrogatories on the Defendant Brenda Veal-Munoz.  The plaintiff request that this Court permits him to serve interrogatories on defendant Brenda Veal-Munoz in order to ascertain Ms. Veal-Munoz's home address.  Specifically, the plaintiff asserts that "[p]ursuant to Rule 4, of the Federal Rules of Civil Procedure for the District of Columbia, . . . service [of process] upon an individual [shall be made] at their residence; and, the plaintiff does not know where the Defendant resides."  Motion for Leave to Serve Interrogatories on the Defendant Brenda Veal-Munoz ¶ 3.  In response, the defendants note that "to the extent Ms. Veal-Munoz has not yet been served with [the plaintiff's] complaint in her individual capacity[,] the defendants view plaintiff's motion to serve interrogatories as against the Department of the Treasury."  According to Rule 4(e) of the Federal Rules of Civil Procedure, service can be effected on an individual either "by delivering a copy of the summons and of the complaint to the individual personally or

by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." Fed.R. Civ.P 4(e). Rule 4(e)(1) also permits service to be effected according to the "law of the state in which the district court is located, or in which service is effected." Id. The Superior Court of the District of Columbia Civil Rules establish, in pertinent part, service of process requirements parallel to those contained in Rule 4(e)(2) of the Federal Rules of Civil Procedure. See D.C.Super. Ct. Civ. R. 4(e)(2). Both sets of rules therefore require proper service upon government officers in both their official and personal capacities pursuant to Fed.R.Civ.P. 4(i)(2)(A) and (B). Since the plaintiff is suing defendant Veal-Munoz in her individual and official capacities, the Court notes that leaving a copy of the complaint and summons at an individual defendant's place of business in order to effect service upon the plaintiff in her individual capacity does not constitute valid service unless it is handed to "an agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(e); see Leichtman v. Koons, 527 A.2d 745, 747 (D.C.1987). Thus, although the plaintiff is not entitled to defendant Veal-Munoz's home address, the Court concludes that if defendant Veal-Munoz wishes to have her home address remain confidential, she must provide a viable alternative to receive service in her individual capacity, such as appointing an agent to receive service on her behalf at another location. See Jarrell v. Tisch, 656 F.Supp. 237, 239-40 (D.D.C. 1987).

    Notwithstanding the Court's current determination regarding disclosing defendant Veal-Munoz's home address, the Court finds that both of the plaintiff's motions must be

denied on other grounds.[1]  On December 11, 2006, the plaintiff filed his complaint in this case.  In accordance with Federal Rules of Civil Procedure 12(a)(3)(A), "an agency of the United States, or an officer or employee of the United States sued in an official capacity, shall serve an answer to the complaint . . . within 60 days after the United States attorney is served with the pleading asserting the claim."  The time prescribed by Rule12(a)(3)(A) has not yet expired.  Therefore, the plaintiff's Motion to the Clerk of the Court to Issue a Subpoena Duces Tecum for the Production of Certain Documents from a Non-party Postmaster of the United States Postal Service and his Motion for Leave to Serve Interrogatories on the Defendant Brenda Veal-Munoz are premature.  The plaintiff is advised that he must wait until the defendants have timely filed an answer before discovery may commence.[2]  Accordingly, it is hereby this 8th day of February, 2007,

**ORDERED** that the plaintiff's Motion to the Clerk of the Court to Issue a Subpoena Duces Tecum for the Production of Certain Documents from a Non-party Postmaster of the United States Postal Service and Motion for Leave to Serve Interrogatories on the Defendant Brenda Veal-Munoz are **DENIED WITHOUT PREJUDICE**.  It is further

**ORDERED** that defendant Veal-Munoz shall provide the plaintiff with an alternative method for achieving service of process on her in her individual capacity within 20 days

---

[1] The plaintiff seeks to serve four interrogatories upon defendant Veal-Munoz. Although it appears that one of the interrogatories would address the plaintiff's request for defendant Veal-Munoz's address, the plaintiff has not provided any information about the remaining proposed interrogatories.

[2] If the defendants file a motion to dismiss instead of an answer, the plaintiff is required to file an opposition to the motion within the time prescribed by Local Rule 7(b) ("[w]ithin 11 days of the date of service . . . an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion.").

from the date of the issuance of this order.

    **SO ORDERED** this 8th day of February, 2007.

_____
Reggie B. Walton
United States District Judge