UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

CLARENCE STRINGER,            )
2501 2nd Street NE            )
Washington, DC 20002          )
                              )
            Plaintiff         )
                              )
vs.                           ) Cause Num. 1:06CV02098-RBW
                              )
HENRY M. PAULSON JR. SECRETARY )
Of THE TREASURY et al.,       )
1500 Pennsylvania Street NW   )
Washington, DC 20220          )
                              )
            Defendants        )

MOTION FOR RECONSIDERATION

Pursuant to Rule 59(e), of the Federal Rules of Civil Procedure, the Plaintiff Clarence Stringer, pro se, moves the Court to reconsider the February 13, 2007 minute order enlarging the time for the Defendants Henry Paulson, Brenda Veal-Munoz and Larry Felix to respond to the Plaintiff's Complaint filed on December 11, 2006.

The Plaintiff respectfully moves the Court to reconsider the order because:

1.  The Defendants Brenda Veal Munoz and Larry Felix were served with a summons and a complaint in their official capacity on December 14, 2006; hence, a timely response was due on February 12, 2007.

2.  The Defendants Brenda Veal-Munoz and Larry Felix failed to ask for an enlargement of time on or before the deadline to respond expired on February 12, 2007.



RECEIVED
FEB 21 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

WHEREFORE, the Plaintiff Clarence Stringer prays the Court will reconsider the Defendant's Order for an enlargement of time up too and including March 11, 2007.

## MEMORANDUM OF LAW

" A motion for reconsideration is discretionary and should not be granted unless the movant presents an error of fact which needs to be corrected. <u>Petroleum Ass'n of America v. Babbitt</u>, 178 F.R.D. 323, 324 (D.D.C. 1998).

## STANDARD

The Plaintiff contends, the primary reason for submitting this Rule 59(e) motion is for the Court to correct a clear error of fact. <u>Firestate v. Firestone</u>, 76 F.3d 1205 (D.D.Cir.1996); and, Rule 59(e) motions are intended to permit the correction of errors of fact appearing on the face of the record, albeit, the docket. <u>United States v. Western Elec. Co.</u>, 690 F.Supp. 22, 25 (D.D.C. 1988).

## ARGUMENT

According to the record, albeit the docket, on December 14, 2006, the Defendants Brenda Veal-Munoz and Larry Felix were served with a summons and a copy of the complaint in this cause of action. Accordingly, a response to the Plaintiff's complaint was due on or before February 12, 2007. In the alternative, a request to enlarge the time was due prior to February 12, 2007. The Defendants did neither; hence, the Plaintiff sought a judgment by default.

The Court granted the Defendant's motion for an enlargement of time on February 13, 2007, the date a response was due from Secretary Paulson. The

Plaintiff contends, to include the Defendants Felix and Munoz in the order was a clear error and contrary to the Court's record.

WHEREFORE, the Plaintiff prays that the Court will reconsider its February 13, 2007 order, and correct the record as it relates to Munoz and Felix, they are not entitled to an enlargement of time to defend against this lawsuit.

Respectfully Submitted,

*Clarence Stringer*
Clarence Stringer, pro se

### CERTIFICATE OF SERVICE

I DO HEREBY SWEAR THAT, a copy of the Motion for Reconsideration, was sent by U.S. Mail, first class, postage prepaid on February 21, 2007 to:

QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530

*Clarence Stringer*
Clarence Stringer, pro se
2501 2nd Street N.E.
Washington, D.C. 20002
(202) 832-6149

3