UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

CLARENCE STRINGER,  )
2501 2nd Street NE  )
Washington, DC 20002  )
  )
  Plaintiff  )
  )
vs.  ) Cause Num. 1:06CV02098-RBW
  )
HENRY M. PAULSON JR. SECRETARY  )
Of THE TREASURY et al.,  )
1500 Pennsylvania Street NW  )
Washington, DC 20220  )
  )
  Defendants  )

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Pursuant to Rule 15(a), of the Federal Rules of Civil Procedure, Plaintiff Clarence Stringer, hereby moves the Court for leave to file a Second Amended Complaint, and show;

1. Plaintiff Clarence Stringer, on or about December 11, 2006, filed a complaint against Defendant Henry M. Paulson, et al, a copy of the original complaint being attached to this motion.

2. Plaintiff Clarence Stringer, on or about January 12, 2007, filed an amended Complaint against Henry M. Paulson, et al, a copy of the amended complaint being attached to this motion.

3. At the time Plaintiff's complaint was filed, Plaintiff Clarence Stringer was ignorant of certain relevant facts that are important to enable Plaintiff to maintain his complaint. Because the facts about the federal government's

**RECEIVED**

MAR 2 8 2007

1

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

status came into Plaintiff's knowledge after filing the amended complaint, the same was unable to allege them in the original or the amended complaint.

4. Forasmuch, the Plaintiff Clarence Stringer now avers in the Second Amended Complaint that he is entitled to relief in accordance with the Fifth Amendment of the U.S. Constitution as it relates to his employer, the U.S. Treasury Department's Bureau of Printing & Engraving, a copy of which is also attached.

5. Plaintiff Clarence Stringer further avers that the new facts contained in the Second Amended Complaint are necessary to enable the Plaintiff to prove his cause of action, and therefore the amendment sought is in furtherance of justice. Moreover, the Defendant's Motion to Dismiss does not qualify as a responsive pleading for the purpose of Rule 15. <u>James V. Hurson Assocs.</u>, 229 F.3d at 283; <u>Bowden v. United States</u>, 176 F.3d 552 (D.C.Cir.1999); <u>U.S. Info Agency v. Krc.</u>, 905 F.2d 389, 399 (D.C.Cir.1990)

WHEREFORE, Plaintiff Clarence Stringer respectfully prays that leave be granted to file a Second Amended Complaint against Defendant Henry M. Paulson, et al., for the purpose of alleging the described matters of fact as they appear in the attached Second Amended Complaint, and pray for such relief as may be proper.

Dated: __3-28-07_____

                                        Respectfully Submitted,

                                        */s/ Clarence Stringer*

                                        Clarence Stringer, pro se

## CERTIFICATE OF SERVICE

I DO HEREBY SWEAR THAT, a true copy of the Motion for Leave and the Second Amended Complaint were served on the District Court on March __28____, 2007 by the Plaintiff Clarence Stringer.

*Clarence Stringer*

Clarence Stringer, pro se
2501 2nd Street NE
Washington, DC 20002
(202) 832-6149

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARENCE STRINGER,<br>2501 2nd Street NE<br>Washington, DC 20002<br>(202) 832-6149<br>                    Plaintiff<br><br>vs<br><br>HENRY M. PAULSON JR., SECRETARY<br>U.S DEPARTMENT OF TREASURY<br>Official Capacity<br>MS. BRENDA VEAL-MUNOZ<br>Official & Individual Capacity<br>LARRY FELIX, DIRECTOR<br>Official Capacity<br><br>                    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CAUSE NUM. 06-2098-RBW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**SECOND AMENDED COMPLAINT FOR THE DEPRIVATION OF CIVIL RIGHTS; FOR DECLARATORY JUDGMENT; AND AN INJUNCTION AGAINST THE UNCONSTITUTIONAL DENIAL OF DUE PROCESS**

Plaintiff Alleges:

## NATURE OF THE ACTION

1. This is an action in which Plaintiff seeks to have this Court declare unlawful and enjoin certain policies and practices of the Defendants, which Plaintiff alleges denies him the benefit of the process due him according to the Collective Bargaining Agreement (Contract) between the U.S. Department of the Treasury (Bureau) and Columbia Lodge 174. The bases for this action are the Plaintiff is not a member of the union; but, Article 33, Titled Grievance Procedure, allows an employee to grieve a matter. (Ex.A) According to Section 6, Step 1, a supervisor or management official must meet with the grievant within three (3) calendar days of receipt of the grievance, and must discuss or resolve the same; albeit, the Bureau's Acting Chief Ms. Veal-Munoz

1

actions repudiated the agreement because she failed to follow procedure in this regard. Moreover, Ms. Veal-Munoz, a white female, repudiated the agreement again by failing to provide a written answer stating the results of her investigation and/or the deliberation of the grievance. All of these violated the Plaintiff's rights to due process as guaranteed under the Fifth and Fourteenth Amendments of the U.S. Constitution.

## JURISDICTION

2. This Court has jurisdiction of this action by virtue of Title 28 Sec. 1343(a),(3) and 1343(a),(4), authorizing jurisdiction of claims bought under Title 42 Sec. 1983; to enforce rights guaranteed by the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution, and by virtue of Title 28 U.S.C. Sec. 1331. This action also seeks declaratory judgment pursuant to Title 28 Sec. 2201 and 2202.

3. Venue is proper in this Court because the acts complained of therein occurred within the District of Columbia.

## PARTIES

4. Clarence Stringer, the Plaintiff, is of African-American descent and resides at 2501 2nd Street NE, Washington DC 20002; and, is employed by the Bureau as a Final Verifier.

5. Henry M. Paulson Jr. is the current Secretary of the U.S. Department of the Treasury.

6. Ms. Brenda Veal-Munoz is a female member of the majority race; and, the Acting Chief of the Office of Compliance for the Bureau.

7. Larry Felix is African American male; and, the Director of Engraving and Printing for the Bureau.

## FACTUAL ALLEGATIONS

8. On September 18, 2006, Bureau Supervisor Mary Smith charged the Plaintiff with being AWOL on September 15, 2006, unless proper documentation was submitted.

9. On September 22, 2006, Clifton Davis Jr. of the Bureau's Accountability Operations Branch, upheld Mary Smith's AWOL Charge against the Plaintiff.

10. According to Section 6 of Article 33 of the Collective Bargaining Agreement, on or about September 22, 2006, the Plaintiff appealed Smith's charge to Clifton Davis, of Accountability of Operations.

11. Clifton Davis failed to respond to the Plaintiff's grievance within fifteen (15) days.

12. On or about September 27, 2006, in accordance with Section 6, Step 1 of Article 33 of the Agreement, the Plaintiff filed his grievance with Acting Chief Ms. Veal-Munoz.

13. According to Step 1 under Section 6 of Article 33, Acting Chief Veal-Munoz must meet and discuss the grievance with the Plaintiff within three (3) days of receipt of the same, filed on September 27, 2006.

14. Acting Chief Veal-Munoz's actions repudiated the agreement by failing or refusing to meet and discuss the grievance with the African American Plaintiff from September 27, 2006 thru September 30, 2006, a violation of the Agreement, and the Plaintiff's right to due process as guaranteed under the Fifth (5th) and Fourteenth (14th) Amendments of the U.S. Constitution.

15. According to Step 1 under Section 6 of Article 33, Acting Chief Veal-Munoz <u>must</u> investigate, deliberate, and respond in writing to the Plaintiff within five (5) days of receipt of the grievance, submitted on or about September 27, 2006.

16. Acting Chief Veal-Munoz's (white) actions of failing or refusing to submit a written statement supporting her investigation and deliberation of the grievance, was an intentional violation of the Agreement and the Plaintiff's (African-American) right to due process as guaranteed under the Fifth and Fourteenth Amendments of the U.S. Constitution.

17. In accordance with Step 2 of Section 6 of Article 33 of the Agreement, the Plaintiff appealed Acting Chief Veal-Munoz's non-response to CFO Olijar on or about October 20, 2006.

18. In accordance with the Agreement, CFO Olijar responded within three (3) days, and ordered Acting Chief Veal-Munoz to respond to the Plaintiff's grievance in writing.

19. On or about October 23, 2006, Acting Chief Veal-Munoz met with the African American Plaintiff in person for the first time, discussed the issues raised in the grievance; but, issued a written finding that stated facts that were not at issue, nor relevant, to the September 15, 2006 AWOL Charge. Veal-Munoz's actions repudiated the agreement in that the Acting Chief failed to act in good faith in her investigation. Nonetheless, she (Munoz) upheld Mary Smith's September 18, 2006 AWOL charge based upon facts unsupported by the record. Smith's impertinent AWOL Charge against the Plaintiff was upheld.

20. On or about October 30, 2006, the Plaintiff appealed his grievance to Larry Felix, the Director of the Bureau's Engraving and Printing Division.

21. On or about November 22, 2006, Director Felix found the grievance was properly handled, a decision that was inopposite to the procedure established in Section 6, Step 1 and Step 2 of Article 33 of the Collective Agreement. Furthermore, the Director's actions repudiated the agreement because Felix referred the grievance back to Acting Chief Veal-Munoz for arbitration, instead of dismissing the AWOL Charge because Acting Chief Veal-Munoz had already violated the Plaintiff's rights under the Agreement, as guaranteed under the due process clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

## CLAIMS

22. Section 6, Steps 1 and 2 of Article 33 of the Agreement between the Bureau and Columbia Lodge 174 is the rule and guide for the grievance process. The former and the latter agreed to abide by this process. Acting Chief Veal-Munoz and Director Larry Felix violated the spirit and the letter of the Agreement by not dismissing Supervisor Mary Smith's September 18, 2006 AWOL Charge against the Plaintiff.

   a. The decisions by Felix and Munoz deprived the Plaintiff of his liberties to use his sick and annual leave (property rights), without the process due under the Code of Federal Regulations, a violation of the Fifth and Fourteenth Amendments of the U.S. Constitution.

   b. The right of the Plaintiff to exercise his liberty to enjoy the pursuit of his lively hood without undo interference from management.

5

c. The right of the Plaintiff to exercise his right to leave under the Agreement without interference from his Supervisor and Management.

d. The right of the Plaintiff to have his Supervisor and Management reduce to writing the reason why his request for leave was denied.

f. The right of the Plaintiff to use his leave for medical or dental purposes without an explanation, unless abuse of the same is noted in his record.

g. The right of the Plaintiff to have the AWOL Charge dismissed because Management failed or refused to follow Section 6, Step 1 and 2 of Article 33 of the Agreement.

## PRAYER

WHEREFORE Plaintiff prays that this Court:

1. Assume jurisdiction of this action

2. Issue a temporary restraining order, a preliminary injunction, and a permanent injunction restraining Defendants and their employees, agents, and servants from enforcing Director Felix's November 22, 2006 order and findings.

3. Declare Director Felix's November 22, 2006 order and findings in violation of the Constitution of the United States, as set forth above;

4. Award Plaintiff his costs, pursuant to 42 U.S.C. Sec. 1988; and

5 Enter such other and further relief as the Court deems just and proper.

Respectfully Submitted,

*Clarence Stringer*
Clarence Stringer, pro se
2501 2nd Street NE

Washington, DC, 20002<br>
(202) 832-6149

## CERTIFICATE OF SERVICE

I DO HEREBY SWEAR THAT, a true copy of the Second Amended Complaint has been sent by U.S. Mail, first class, postage prepaid on March 12, 2007 to:

Quan K. Luong, Esq.
Office of the U.S. Attorney General
501 Third Street NW
Washington, DC 20530

*/s/ Clarence Stringer*
Clarence Stringer, pro se
2501 2nd Street NE
Washington DC 20002
(202) 832-6419

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARENCE STRINGER,<br>2501 2ND STREET NE<br>Washington, DC 20002<br><br>     Plaintiff<br><br>vs<br><br>HENRY M. PAULSON JR., SECRETARY<br>U.S DEPARTMENT OF TREASURY<br>BUREAU OF PRINTING & ENGRAVING<br>Official Capacity<br>MS. BRENDA VEAL-MUNOZ<br>Official & Individual Capacity<br>LARRY FELIX, DIRECTOR<br>Official Capacity<br><br>     Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CAUSE NO. 06-2098-RBW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### FIRST AMENDED COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS FOR DECLARATORY JUDGMENT AND INJUNCTION AGAINST THE UNCONSTITUTIONAL DENAIL OF DUE PROCESS

Plaintiff Alleges:

  Plaintiff Clarence Stringer, pro se, pursuant to Rule 15 of the Federal Rules of Civil Procedure (FRCP) hereby amends the original complaint, naming the Bureau of Printing and Engraving as a Defendant.

### NATURE OF THE ACTION

  1. This is an action in which Plaintiff seeks to have this Court declare unlawful and enjoin certain policies and practices of the Defendants, which Plaintiff alleges denies him the benefit of process due him according to the Collective Bargaining Agreement (Contract) between the U.S. Department of the Treasury (Bureau) and Columbia Lodge 174. The bases for this action are the Plaintiff is not a member of the union; but, Article

1

33, Titled Grievance Procedure, allows an employee to grieve a matter. (Ex.A) According to Section 6, Step 1, a supervisor or management official must meet with the grievant within three (3) calendar days to discuss or resolve the grievance, and the Bureau's Acting Chief Ms. Veal-Munoz failed to follow procedure in this regard. Ms. Veal-Munoz also failed to provide a written answer stating the results of her investigation and deliberation of the grievance. All of these violated the Plaintiff's rights to due process.

## JURISDICTION

2. This Court has jurisdiction of this action by virtue of Title 28 Sec. 1343(a),(3) and 1343(a),(4), authorizing jurisdiction of claims bought under Title 42 Sec. 1983; to enforce rights guaranteed by the due process clause of the Fourteenth Amendment of the United States Constitution, and by virtue of Title 28 U.S.C. Sec. 1331. This action also seeks declaratory judgment pursuant to Title 28 Sec. 2201 and 2202.

3. Venue is proper in this Court because the acts complained of therein occurred within the District of Columbia.

## PARTIES

4. Clarence Stringer, the Plaintiff, is of African-American descent and resides at 2501 2nd Street NE, Washington DC 20002; and, is employed by the Bureau as a Final Verifier.

5. Henry M. Paulson Jr. is the current Secretary of the U.S. Department of the Treasury.

6. The Bureau of Printing and Engraving is an agency under the Department of the Treasury.

7. Ms. Brenda Veal-Munoz is a member of the majority race; and, the Acting Chief of the Office of Compliance for the Bureau.

8. Larry Felix is African American; and, the Director of Engraving and Printing for the Bureau.

## FACTUAL ALLEGATIONS

9. On September 18, 2006, Bureau Supervisor Mary Smith charged the Plaintiff with being AWOL on September 15, 2006, unless proper documentation was submitted.

10. On September 22, 2006, Clifton Davis Jr. of the Bureau's Accountability Operations Branch upheld Mary Smith's AWOL Charge against the Plaintiff.

11. According to Section 6 of Article 33 of the Collective Bargaining Agreement, on or about September 22, 2006, the Plaintiff appealed Smith's charge to Clifton Davis, of Accountability of Operations.

12. Clifton Davis failed to respond to the Plaintiff's grievance within fifteen (15) days.

13. On or about September 27, 2006, in accordance with Section 6, Step 1 of Article 33 of the Agreement, the Plaintiff filed his grievance with Acting Chief Ms. Veal-Munoz.

14. According to Step 1 under Section 6 of Article 33, Acting Chief Veal-Munoz must meet and discuss the grievance with the Plaintiff within three (3) days of receipt of the same, filed on September 27, 2006.

15. Acting Chief Veal-Munoz failed or refused to meet and discuss the grievance with the Plaintiff from September 27, 2006 thru September 30, 2006, a violation of the

Agreement, and the Plaintiff's right to due process as guaranteed under the Fourteenth (14) Amendment of the U.S. Constitution.

16. According to Step 1 under Section 6 of Article 33, Acting Chief Veal-Munoz must investigate, deliberate, and respond in writing to the Plaintiff within five (5) days of receipt of the grievance, submitted on or about September 27, 2006.

17. Acting Chief Veal-Munoz (white) failed or refused to submit a written statement supporting her investigation and deliberation of the grievance, a violation of the Agreement and the Plaintiff's (African-American) right to due process as guaranteed under the Fourteenth Amendment of the U.S. Constitution.

18. In accordance with Step 2 of Section 6 of Article 33 of the Agreement, the Plaintiff appealed Acting Chief Veal-Munoz's non-response to CFO Olijar on or about October 20, 2006.

19. In accordance with the Agreement, CFO Olijar responded within three (3) days, and ordered Acting Chief Veal-Munoz to respond to the Plaintiff's grievance in writing.

20. On or about October 23, 2006, Acting Chief Veal-Munoz met with the Plaintiff in person, discussed the issues; but, issued a finding that stated facts there not relevant to the September 15, 2006 AWOL Charge. Veal-Munoz held that the charge was supported by facts that were not in the record. Smith's AWOL Charge against the Plaintiff was upheld.

21. On or about October 30, 2006, the Plaintiff appealed his grievance to Larry Felix, the Director of the Bureau's Engraving and Printing Division.

22. On or about November 22, 2006, Director Felix found the grievance was properly handled, a decision that was inopposite to the procedure established in Section 6, Step 1 and Step 2 of Article 33 of the Collective Agreement. Furthermore, the Director referred the grievance back to Acting Chief Veal-Munoz, instead of dismissing the AWOL Charge because Acting Chief Veal-Munoz had already violated the Plaintiff's rights under the Agreement, as guaranteed under the due process clause of the Fourteenth Amendment of the U.S. Constitution.

## CLAIMS

23. Section 6, Steps 1 and 2 of Article 33 of the Agreement between the Bureau and Columbia Lodge 174 is the rule and guide for the grievance process. The former and the latter agreed to abide by this process. Acting Chief Veal-Munoz and Director Larry Felix violated the spirit and the letter of the Agreement by not dismissing Supervisor Mary Smith's September 18, 2006 AWOL Charge against the Plaintiff.

   a. Felix and Munoz's decisions deprive the Plaintiff of his liberties to use his sick and annual leave without due process of law, in violation of the Fourteenth Amendment of the U.S. Constitution.

   b. The right of the Plaintiff to exercise his liberty to enjoy the pursuit of his livelyhood without undo interference from management.

   c. The right of the Plaintiff to exercise his right to leave under the Agreement without interference from his Supervisor and Management.

   d. The right of the Plaintiff to have his Supervisor and Management reduce to writing the reason why his request for leave was denied.

f. The right of the Plaintiff to use his leave for medical or dental purposes without an explanation, unless abuse of the same is noted in his record.

g. The right of the Plaintiff to have the AWOL Charge dismissed because Management failed or refused to follow Section 6, Step 1 and 2 of Article 33 of the Agreement.

## PRAYER

WHEREFORE Plaintiff prays that this Court:

1. Assume jurisdiction of this action

2. Issue a temporary restraining order, a preliminary injunction, and a permanent injunction restraining Defendants and their employees, agents, and servants from enforcing Director Felix's November 22, 2006 order and findings.

3. Declare Director Felix's November 22, 2006 order and findings violates the Constitution of the United States, as set forth above;

4. Award Plaintiff his costs, pursuant to 42 U.S.C. Sec. 1988; and

5 Enter such other and further relief as the Court deems just and proper.

Respectfully Submitted,

*Clarence Stringer*

Clarence Stringer, pro se
2501 2nd Street NE
Washington, DC, 20002
(202) 832-6149

CERTIFICATE OF SERVICE

I HEREBY SWEAR THAT a copy of this First Amended Complaint was sent by U.S.

Mail, first class, postage prepaid on February 5, 2006 to:

Mr. Luang, Esq.
Office of the U.S. Attorney
945 Pennsylvania Street NW
Washington, DC 20045


Clarence Stringer, pro se
2501 2nd Street NE
Washington, DC 20002
(202) 832-6149

7