UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
APR 1 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| CLARENCE STRINGER, <br> 2501 2nd STREET NE <br> WASHINGTON DC. 20002 <br><br> Plaintiff <br><br> vs <br><br> HENRY M PAULSON, SECRETARY <br> OF THE TREASURY, et al. <br> 1500 PENNSYLVANIA STREET NW <br> WASHINGTON, DC 20220 <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CAUSE NUM. 06-2098 (RBW) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### PLAINTIFF'S MOTION IN OPPOSTION TO THE DEFENDANT'S MOTION TO DISMISS

The Plaintiff, Clarence Stringer, pro se, hereby moves the Court to deny the Defendant's Motion to Dismiss on the grounds that there are material issues of fact remaining to be resolved surrounding the acts and the conduct of Director Larry Felix and Acting Chief Brenda Veal-Munoz in resolving the Plaintiff's grievance of the September 18, 2006 AWOL Charge.

It is reasonable to infer from the actions and the conduct of the former and the latter that they refused to be bound by the contractual agreement between the union and management at the U.S. Department of the Treasury, the Bureau of Engraving and Printing. The facts in dispute are explained in more detail in the attached Memorandum of Law and Points of Authority.

WHEREFORE, the Plaintiff Clarence Stringer, pro se, prays that the Court will deny the Defendant's Motion to Dismiss the Complaint.

1

Respectfully Submitted,

*Clarence Stringer*

Clarence Stringer, pro se

## CERTIFICATE OF SERVICE

I DO HEREBY SWEAR THAT, a true copy of the Motion in Opposition has been sent by U.S. Mail, first class, postage prepaid on April _12_, 2007 to:

K. Luong, Esq.
Special Assistant U.S. Attorney
555 Fourth Street NW Rm. E-4417
Washington, DC 20530

*Clarence Stringer*

Clarence Stringer, pro se
2501 2nd Street NE
Washington, DC 20002
(202) 832-6149

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
APR 1 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| CLARENCE STRINGER ) | |
| 2501 2nd STREET NE ) | |
| WASHINGTON, DC 20002 ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs ) | CAUSE NUM. 06-cv-2098 RBW |
| ) | |
| HENRY M. PAULSON, SECRETARY ) | |
| OF TREASURY, et al., ) | |
| ) | |
| Defendants ) | |

<u>MEMORANDUM OF LAW AND POINTS OF AUTHORITY
IN SUPPORT OF PLAINTIFF'S MOTION IN OPPOSITION
TO THE DEFENDANT'S MOTION TO DISMISS</u>

INTRODUCTION

The United States Department of the Treasury, the Bureau of Engraving & Printing employ plaintiff Clarence Stringer, pro se. (Hereinafter the Bureau) The Plaintiff is <u>not</u> a dues paying member of Columbia Lodge #174. Despite the Defendant's contention in their motion, on December 11th, 2006, the Plaintiff sought declaratory relief through the court because Director Larry Felix's November 22, 2006 order was arbitrary and capricious. The Plaintiff's grievance, submitted to Acting Chief Brenda Veal-Munoz on October 12, 2006[1], was predicated upon his right to use his leave for a dentist appointment. Moreover, according to the contract, Director Felix lacked the authority to issue said order; and, the Plaintiff submits that Felix's conduct repudiated the contract because according to the contract the union is the only party to the agreement with the authority to submit an issue to arbitration.

---

[1] Plaintiff's Complaint, Paragraph 12 erroneously states the grievance was submitted to Acting Chief Brenda Veal-Munoz on September 27, 2006, instead of the above corrected date of October 12, 2006.

1

Contemporaneously, the Plaintiff submits that the acts and the conduct of Acting Chief Brenda Veal-Munoz, throughout the grievance process initiated by the Plaintiff, violated the contract, as guaranteed by the Fifth and Fourteenth Amendment of the U.S. Constitution; and, her (Munoz's) October 25, 2006 response did not address the facts in support of the AWOL Charge issued on September 18, 2006 by Bureau Supervisor Mary Smith.

As discussed further below, the Plaintiff is not required to exhaust his administrative remedies if the employer refuses to be bound by the contract.

## LEGAL STANDARD

A motion to dismiss should not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Kowal v. MCL Communications Corp., 16 F.3d 1271, 1276 (D.C.Cir.1994). The threshold determination in resolving a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support his or her claims. Scheur v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed2d 90 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed2d 139 (1984).

It is well established that, in deciding a motion to dismiss for lack of subject matter jurisdiction, a court is not limited to the allegations set forth in the complaint, "but may also consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case." Alliance For Democracy v. Federal Election Com'n, 2005 WL 503729, at *3 (D.D.C. March 4, 2005) see Lockamy v. Truesdale, 182 F.Supp.2d 26, 30-31 (D.D.C.2001). Accordingly, the court must look beyond the parties'

pleadings to resolve any factual disputes that are essential to its decision to retain jurisdiction or dismiss the action. See id (citing Phoenix Consulting Inc. v. Republic of Angola, 216 F.3d 36, 40 (D.D.Cir.2000); Price v. Socialist People's Libyan Arab Jamahiriya, 274 F.Supp.2d 20, 24 (D.D.C.2003).

The Plaintiff's claim or right to due process must be predicated upon a source other than the constitution. Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)

## BACKGROUND

On or about September 12, 2006, the Plaintiff asked Bureau Supervisor Mary Smith for approval to use his sick leave for a dentist's appointment; but, the request was denied without explanation. (Plf's Affidavit, Par. 7). The Plaintiff was entitled to an explanation according to the rules. (Plf's Affidavit, Par. 7, Ex. C). Prior to September 15, 2006, the Plaintiff has never been disciplined by management at the Bureau for the misuse of his sick or annual leave. (Plf's Affidavit, Par 3)

On September 15, 2006, the Plaintiff took off to go to the dentist; and, on September 18, 2006, Supervisor Mary Smith charged the same with being AWOL. The Plaintiff appealed the charge because it failed to offer an explanation about why the request for leave was denied (Plf's Affidavit, Ex. C); and, Clifton Davis-AOB Head upheld the charge. On October 12, 2006, in accordance with Article 33 of the contract, the Grievance Procedure, the Plaintiff filed a grievance with the next highest management official, Acting Chief Brenda Veal-Munoz. But, Acting Chief Munoz refused to be bound by the contract and refused to meet with the Plaintiff within three (3) days after receiving the grievance on October 12, 2006. Furthermore, Acting Chief Veal-

Munoz failed to submit the required statement in support of her investigation and deliberation of the grievance within five days of receiving it on October 12, 2006. (Plf's Affidavit, Pars., 7,8,9). Both acts violated the spirit and the letter of the grievance procedure described in Article 33 of the contract between Columbia Lodge #174 and the Bureau.

The Plaintiff filed this cause of action in district court on December 11, 2006; and, asked the Court for declaratory and injunctive relief, plus cost. Likewise, the Plaintiff asked the Court to declare Acting Chief Munoz and Director Larry Felix's conduct violated the contract as guaranteed by the Fifth and Fourteenth Amendments of the Constitution. The former and the latter refused to be bound by the contract between the union and the Bureau. Furthermore, the Plaintiff sought injunctive relief from Director Felix's November 22, 2006 order and cost for filing the cause of action.

### TITLE 5, SEC. 702 EXPRESSLY WAIVES SOVERIGN IMMUNITY

At issue in the instant case is the United States Federal Government's claim of sovereign immunity and whether it bars the instant case. Pursuant to Title 5, Sec. 702, "an action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States." The Plaintiff seeks (Par.6, Complaint), and the Defendants admit, (Pg.3-Def'sMotion to Dismiss) the former is seeking injunctive and declaratory relief, plus cost. Inasmuch, the Plaintiff submits to the Court that he is not seeking monetary damages; but, he is asking the Court to declare the conduct of Munoz and Felix as violated Article 33 of the contract between the union and

the Bureau. Furthermore, the Plaintiff is asking for injunctive relief from Director Felix's November 22, 2006 order, and for cost. Hence, according to the Title 5, Sec. 702 and the aforementioned facts, (Plf's Complaint, Relief Section) the Plaintiff should be allowed to continue with this cause of action because the United States has expressly waived their sovereign immunity.

### MUNOZ AND FELIX'S CONDUCT ESTOPPES THEIR EXHAUSTION DEFENSE

At issue in the instant case is the violation of the Plaintiff's rights according to the contract as guaranteed by the Fifth and Fourteenth Amendments of the U.S. Constitution by Acting Chief Brenda Veal-Munoz. Munoz refused to meet with the Plaintiff within three (3) days of receiving the grievance on October 12, 2007; and, failed to submit a written report of her (Munoz) investigation and deliberation of the Plaintiff's grievance within five (5) days after submission. (Plf's Complaint, Par. 11 thru 15 & Plf's Affidavit Pars., 7.8.9).

By failing and refusing to be bound by the contract between the Bureau and Columbia Lodge #174, Munoz repudiated the terms of the agreement; and estopped her employer, the Bureau, from relying on the defense that the Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit on December 11, 2006. Vaca v. Sipes, 386 U.S. 171, 185. Forasmuch, if the Court accepts the allegations in the Plaintiff's complaint as true, the same is entitled to seek relief through the courts because the conduct of the employer, (the Bureau) thru its employees, (Munoz & Felix, Plf's Affidavit, Pars. 7,8,9,12, Plf's Complaint, Ex.A) repudiated the agreement. "An obvious situation in which the employee should not be limited to the exclusive remedial procedures established by the contract occurs when the conduct of the employer amounts

to a repudiation of those contractual procedures. Cf. Drake Bakeries, Inc. v. Local 50, Am. Bakery, etc, Workers, 370 U.S. 254, 260-263, 82 S.Ct. 1346, 1350-1352, 8 L.Ed.2d 474. as stated in, Vaca v. Sipes, 87 S.Ct. 903, 914 (1967). See generally, 6A Corbin, Contracts Sec. 1443 (1962). Furthermore, CSRA does not; preclude the Plaintiff's right to seek injunctive relief for the violation of his constitutional rights. Spagnola II, 859 F.2d at 229-30.

### THE DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

The Defendants contend that as government employees carrying out their duties they are entitled to qualified immunity.[2] "In order to defeat a defendant's claim of immunity under the objective standard, plaintiff must show that a defendant violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); as stated in Mittleman v. U.S. Treasury, 773 F.Supp. 442, 452 (D.D.C. 1991). Where, however, "an official could be expected to know that certain conduct would violate statutory or constitutional rights," that official may be vulnerable to suit by one who suffers injury resulting thereform. Harlow, 457 U.S. at 819, 102 S.Ct. 2727.

The Defendants contend that The Civil Service Reform Act, enacted by Congress, established the relationship to resolve personnel actions between the federal government and its employees. (Def's Mot. To Dismiss, Pg. 4, 5) The Plaintiff submits that Acting Chief Munoz should have known her refusal to meet with him within three (3) days of receiving the grievance on or about October 12, 2006; and, her failure to issue a written finding of her (Munoz) investigation and deliberation of the grievance to use his sick

leave for a dental appointment[3] violated the Plaintiff's constitution right as described in Article 33 of the contract between the Bureau, and the union.

Acting Chief Munoz has participated in other grievance proceedings between the union and management (Plf's Affidavit, Par. 6); and, is/was familiar with the rules of procedure under the contract. "A reasonable official would have understood that what he/she was doing violated that right." Harris v. District of Columbia, 932 F.2d 10, 13 (D.D.Cir.1991). As such, it is reasonable to infer that Acting Chief Munoz was familiar with the rules of procedure governing the grievance process, and should have known what her responsibilities were to the Plaintiff under the contract. Therefore, Acting Chief Munoz is not entitled to qualified immunity because her decision not to respond to the Plaintiff's October 12, 2006 grievance was not discretionary; but, mandated under the agreement between labor and management, (Article 33, Grievance Procedure) and guaranteed by the Fifth and Fourteenth Amendments of the U.S. Constitution. The Plaintiff had a right to meet with her (Munoz) to discuss and attempt to resolve the grievance; and, the Plaintiff also had a right to receive a copy of her (Munoz) written findings from the investigation and deliberation of the same. (Plf's Complaint, Par. 10 thru 15)

The Plaintiff submits that according to Article 33, the Grievance Procedure; the employer's responsibilities are not discretionary. "Qualified immunity is designed to mitigate the social costs of exposing government officials to personal liability-costs such as "distraction of officials from their government duties, inhibitions of discretionary

---

[2] The Defendants are not entitled to absolute immunity as executive management officials, the characteristics of their job descriptions are not adjudicative in nature and do not share any characteristics of the judicial process which would afford them absolute immunity. Butz v. Economou, 98 S.Ct. 2894.

action." Harlow, 103 S.Ct. 2727. Allowing the Defendants qualified immunity would prohibit the Plaintiff from obtaining relief from the official misconduct of the Acting Chief and the Director; and, would not strike a balance for the unacceptable misconduct of the Bureau's employees in handling the Plaintiff's grievance. Id.

THE SECOND AMENDED COMPLAINT STATES A FIFTH AMENDMENT CLAIM

The Defendant's argument that the Fourteenth Amendment does not apply to the Plaintiff's claim is without merit. The Due Process Clause of the Fifth (5th) Amendment of the Constitution contains the same guarantee of equal protection under law as that provided in the Fourteenth Amendment. Bolling v. Sharpe, 347 U.S. 497, 499-500, 74 S.Ct. 693, 98 L.Ed. 884 (1954). The Plaintiff's claim that he had a right to due process per Article 33 of the contract between Columbia Lodge #174 and the Bureau is valid, and guaranteed under the Fifth and Fourteenth Amendment of the U.S. Constitution.[4] Because his claim is predicated upon a document, (contract) other than the constitution, the Plaintiff is entitled to the process due him under Article 33 of the contract. Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701 (1972).

On March 20, 2007, the Plaintiff submitted a Second Amended Complaint to the Court, with a Motion for Leave to file. Because the federal government is a party, (Bureau) the Plaintiff amended his complaint to include a Fifth Amendment due process claim. The Plaintiff's amendment was in the interest of furthering justice. At the time of filing this response to the Defendant's Motion to Dismiss, the Court has not responded to the motion. Assuming the Court grants the motion, because it is in the interest of justice,

---

[3] Pursuant to C.F.R. 630.401(a), "an agency must grant sick leave to an employee when he or she (1) receives medical, dental, or optical examination or treatment."

the Fifth Amendment of the U.S. Constitution allows the same guarantees as the Fourteenth Amendment. Id.

### THE PLAINTIFF IS ENTITLED TO A BIVEN'S REMEDY

The Plaintiff is entitled to continued employment with the federal government; and, the right to be terminated only for cause. First, the Court could discern "no special factors counsel the hesitation in the absence of affirmative action by Congress." 446 U.S. at 18-19 100 S.Ct, at 1471 citing Bivens, 403 U.S. at 396, 91 S.Ct, at 2004, and Davis supra, 442 U.S., at 245, 99 S.Ct. at 2077. Second, "no congressional determination foreclosing the damages claim and making the Federal Tort Claims Act exclusive. 446 U.S., at 19, and n. 5, 100 S.Ct. at 1472 and n. 5. The Plaintiff filed this lawsuit seeking injunctive and declaratory relief, plus cost. Therefore Congress has not determined by law that the same cannot obtain relief from the Court. Secondly, because no monetary damages are being sought, the Court should not hesitate in creating a Bivens remedy because the conduct of the Defendants repudiated the agreement and the Defendants are estopped from raising the exhaustion defense. Vaca, 185.

Because the collective bargaining agreement between the union and Bureau entitles the Plaintiff to the right to only be terminated for just cause, the Plaintiff had a reasonable expectation of continued employment with the Bureau. Munoz and Felix breached the agreement, in that their conduct denied the Plaintiff his guaranteed right of the process due him under the Article 33 of the agreement. A plaintiff must demonstrate a "legitimate claim of entitlement" to continued employment based upon the collective bargaining agreement. Regents v. Roth, 408 U.S. 564 S.Ct. 2701 (1972). The Plaintiff,

---

[4] The Plaintiff is entitled to the equal protection of the law because Munoz participated in another grievance procedure for a similarly situated African American employee of the Bureau, who also was charged with

9

although not a member of Columbia Lodge #174, had never been disciplined by management at the Bureau; hence, he had a reasonable expectation of continued employment and was entitled to be only disciplined or terminated for cause. (Plf's Affidavit, Par. 3). The Plaintiff submits that a Bivens remedy would be in order here because of the absence of a remedy by Congress; hence, the Court should not hesitate in creating a remedy under the circumstances.

WHEREFORE, the Plaintiff prays the Court will deny the Defendant's Motion to Dismiss the complaint because there are material issues of facts to be resolved surrounding the misconduct of Munoz and Felix.

Respectfully Submitted,

*Clarence Stringer*
Clarence Stringer, pro se

---

being AWOL but was exonerated.

## CERTIFICATE OF SERVICE

I DO HEREBY SWEAR THAT, a true copy of the Motion in Opposition to Dismissal has been sent by U.S. Mail, first class, postage prepaid, on April 13, 2007 to:

Quan K. Luong, Esq.
Special Assistant United States Attorney
555 Fourth Street NW Rm. E-4417
Washington, DC 20530

Clarence Stringer, pro se
2501 2nd Street NE
Washington, DC 20002
(202) 832-6149

11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARENCE STRINGER,<br>2501 2nd STREET NE<br>WASHINGTON DC. 20002<br><br>Plaintiff<br><br>vs<br><br>HENRY M PAULSON, SECRETARY<br>OF THE TREASURY, et al.<br>1500 PENNSYLVANIA STREET NW<br>WASHINGTON, DC 20220<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CAUSE NUM. 06-2098 (RBW)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S AFFIDAVIT IN SUPPORT OF THE MOTION IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS

1. My name is Clarence Stringer, the Plaintiff in the above stated caption, I am over the age of twenty one (21) years; and, I have personal knowledge of the facts stated herein.

2. I am an African American male employee at the U.S. Department of the Treasury, the Bureau of Engraving and Printing.

3. Prior to August, 2006, I have never been disciplined by management at the Bureau for the abuse of my annual or sick leave.

4. I am not a member of Columbia Lodge 174, the union at the Bureau; but, I am entitled to file a grievance on my own behalf.

5. I did not seek the benefit of arbitration because Acting Chief Brenda Veal-Munoz and Director Larry Felix acted and conducted themselves like they were not bound by the contract.

1

6. Acting Chief Brenda Veal Munoz has personal knowledge of the rights due an aggrieved party in the grievance process because she personally participated in other grievance procedures; and, personally appeared in other hearings filed by the union, i.e. David Lockhart.

7. I submitted my grievance addressed to Acting Chief Brenda Veal Munoz, to Supervisor Mary Smith on October 12, 2006. A copy of the grievance is attached to this affidavit as Exhibit A.

8. Between October 12, 2006 and October 15, 2006, Acting Chief Brenda Veal-Munoz failed or refused to meet with me in person to discuss my grievance.

9. Between October 15, 2006 and October 22nd, 2006, Acting Chief Brenda Veal-Munoz failed or refused to issue a written statement stating her findings from the investigation and deliberation of my grievance.

10. On October 23, 2006, Len Olijar sent me an e-mail stating Brenda Veal-Munoz was instructed to respond to my appeal of the AWOL Charge. A copy of that e-mail is attached to this affidavit as Exhibit B.

11. Acting Chief Brenda Veal-Munoz misrepresented the facts surrounding the appeal in her untimely response, submitted to me on October 25, 2006, five days late. A copy of the response is attached to this affidavit as Exhibit C.

12. On November 22, 2006, Director Larry Felix over stepped his authority when he issued an order for the appeal to be arbitrated. According to the contract, the union is the only party to the contract with the power to submit an appeal to arbitration.

13. Munoz and Felix refused to be bound by the agreement between the union and management, so I sought relief from the order through the Court.

I swear under the penalty of perjury that the above state facts are true to the best of my personal knowledge.

*Clarence Stringer*
Clarence Stringer, Affiant

TO:        BRENDA VEAL-MUNOZ, CHIEF OMC

FROM:      CLARENCE STRINGER, FINAL VERIFER

SUBJECT:   THE APPEAL OF CLIFTON DAVIS' 9-27-06 DECISION

RE:        Underlying charge: AWOL-filed by Supervisor Mary Smith on 9-15-06

Mrs. Veal-Munoz:

    The purpose of this memo is to serve timely notice of the appeal of the final decision by Clifton Davis Jr,-AOB Head, filed on September 27, 2006. Mr. Davis, per his decision, upheld the AWOL charge filed by Supervisor Mary Smith against me on September 15, 2006.

    This appeal, as stated in my memo to Mr. Davis (Ex.A,) was filed because I oppose the AWOL charge filed by Supervisor Mary Smith on September 15, 2006. Mrs. Munoz, Supervisor Smith failed to state why she denied my sick leave request.

    According to C.F.R. 630.403(a), the agency **shall** grant sick leave for dental appointments; and, case law holds that an agency must offer a reason why the request was denied. _Miller v. Bond_, 641 F.2d 997, 1003 (1981). Supervisor Smith denied my sick leave request, but failed to state why the request was denied. Hence, Mr. Davis' decision to uphold Ms. Smith's September 15, 2006 AWOL charge, which failed to give an explanation, violates the regulation and the current law. _Id_

    Accordingly Mrs. Munoz, per the agreement, I formally appeal Mr. Davis' September 27, 2006 decision because it was arbitrary and capricious. A genuine dispute exists between Article 32, Sec. 2(a) of the agreement, and the current law. In this regard, I request a hearing to discuss the issues as stated above. Moreover, I request that you render a decision deferring to the current law.


Respectfully Submitted,

_Clarence Stringer_
Clarence Stringer, Final Verifier
October 9, 2006

## CLARENCE A STRINGER

**From:** "Stringer Clarence" <Clarence.Stringer@bep.treas.gov>
**To:** <bomasek@msn.com>
**Sent:** Tuesday, October 24, 2006 6:22 AM
**Subject:** FW: Appeal of AWOL Charge

-----Original Message-----
**From:** Olijar Len
**Sent:** Monday, October 23, 2006 3:09 PM
**To:** Stringer Clarence
**Subject:** Appeal of AWOL Charge

I have received your appeal of the September 15, 2006 AWOL charge. I have discussed this with Mrs. Munoz, and she is in the process of responding to the appeal that you have filed with her (that she received on 10/18/06). Consequently, I will not respond to your appeal at this time.

Len Olijar
CFO, Bureau of Engraving and Printing
202-874-2020

3/31/07



# DEPARTMENT OF THE TREASURY
## BUREAU OF ENGRAVING AND PRINTING
WASHINGTON, D.C. 20228

OCT 2 5 2006

MEMORANDUM FOR   CLARENCE STRINGER, FINAL VERIFIER
OFFICE OF COMPLIANCE

FROM:   Brenda K. Veal-Munoz, Acting Chief
Office of Compliance

SUBJECT:   AWOL

This is in regards to the Absent Without Leave (AWOL) Charge Notice issued to you for August 15, 2006. You filed an appeal with me on October 18, 2006. In your appeal, you contend that you followed the procedures for requesting leave set forth in the contract between the Bureau and Lodge 174, International Machinists & Aerospace Workers, and are therefore entitled to leave.

As you contend, Article 11 of the contract sets forth the procedures for requesting sick leave in an emergency situation. In this case, however, you were not charged AWOL because you failed to follow the appropriate procedures for requesting leave. Rather, you were charged AWOL because you refused, as directed, to submit appropriate medical documentation substantiating your absence. Moreover, you were provided with several opportunities to provide such documentation and failed to do so.

In this regard, the contract does not place any limits on the Bureau's authority to request documentation in order to substantiate an employee's request for sick leave. Pursuant to 5 C.F.R. 630.403 the Bureau is allowed to request such medical documentation when the Bureau believes it to be administratively necessary. Accordingly, you were required to provide such documentation when instructed do so. Because you failed to comply with that instruction, you were properly charged AWOL.