UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CLARENCE STRINGER,            )
2501 2nd Street NE            )
Washington, DC 20002          )
(202) 832-6149                )
        Plaintiff        )
                              )
vs                            ) CAUSE NUM. 06-2098-RBW
                              )
HENRY M. PAULSON JR., SECRETARY )
U.S DEPARTMENT OF TREASURY    )
Official Capacity             )
MS. BRENDA VEAL-MUNOZ         )
Official & Individual Capacity )
LARRY FELIX, DIRECTOR         )
Official Capacity             )
                              )
        Defendants       )

## PLAINTIFF MOTION FOR LEAVE TO AMEND HIS COMPLAINT FOR A THIRD TIME

Plaintiff Clarence Stringer, according to Rule 15(a), of the Federal Rules of Civil Procedure, hereby moves the Court for leave to amend his complaint for a third time to include his Tort Claim. On or about March 20, 2008, The Bureau, through one of its employees, one Gail Serenco, denied the Plaintiff's settlement demand; and failed to offer a counter offer to the Plaintiff's demand. As such, the Plaintiff seeks the Court's intervention to resolve the negligence claim against the Acting Chief Brenda Veal-Munoz. Because the facts in support of the Tort Claim arise out of the same core of facts as stated in the Plaintiff's 2nd Amended Complaint, the same seeks to amend his complaint to include the Tort Claim.

WHEREFORE, the Plaintiff prays the Court will grant leave for the Plaintiff to amend his complaint for a third time.

RECEIVED
APR - 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Respectfully Submitted,

*Clarence Stringer*
Clarence A. Stringer, pro se

## CERTIFICATE OF SERVICE

I DO HEREBY SWEAR THAT, a true copy of the Plaintiff's Motion to Amend his Complaint for a Third Time was sent by U.S. Mail, first class, postage prepaid on April 2, 2008 to:

Blanche L. Bruce, Esq.
Asst U.S. Attorney
555 4th Street NW
Washington, DC 20530

*Clarence Stringer*
Clarence A. Stringer, pro se
2501 2nd Street NE
Washington, DC 20002
(202) 832-6149

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
APR - 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CLARENCE A. STRINGER )
2501 2nd STREET NE )
WASHINGTON, DC 20002 )
(202) 832-6149 )
                               )
      Plaintiff )
                               )
vs ) CAUSE NUM. 06-2098-RBW
                               )
HENRY PAULSON JR, )
U.S. DEPARTMENT OF TREASURY )
et al., )
                               )
     Defendants )

**THIRD AMENDED COMPLAINT FOR THE DEPRIVATION OF CIVIL RIGHTS; FOR DECLARATORY JUDGMENT; AN INJUNCTION AGAINST THE UNCONSTITUTIONAL DENIAL OF DUE PROCESS; AND, DAMAGES FOR THE NEGLIGENCE OF BRENDA VEAL-MUNOZ UNDER THE FEDERAL TORT CLAIMS ACT**

Plaintiff Alleges:

## NATURE OF THE ACTION

1. This is an action in which Plaintiff seeks to have this Court declare unlawful and enjoin certain policies and practices of the Defendants, which Plaintiff alleges denies him the benefit of the process due him according to the Collective Bargaining Agreement (Contract) between the U.S. Department of the Treasury (Bureau) and Columbia Lodge 174. The bases for this action are the Plaintiff is not a member of the union; but, Article 33, Titled Grievance Procedure, allows an employee to grieve a matter. (Ex.A) According to Section 6, Step 1, a supervisor or management official must meet with the grievant within three (3) calendar days of receipt of the grievance, and must discuss or resolve the same; albeit, the Bureau's Acting Chief Ms. Veal-Munoz

actions repudiated the agreement in that she failed to follow procedure in this regard. Moreover, Ms. Veal-Munoz, a white female, repudiated the agreement again by failing to provide a written answer stating the results of her investigation and/or the deliberation of the grievance. All of these violated the Plaintiff's rights to due process as guaranteed under the Fifth and Fourteenth Amendments of the U.S. Constitution.

## JURISDICTION

2. This Court has jurisdiction of this action by virtue of Title 28 Sec. 1343(a),(3) and 1343(a),(4), authorizing jurisdiction of claims bought under Title 42 Sec. 1983; to enforce rights guaranteed by the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution, and by virtue of Title 28 U.S.C. Sec. 1331. This action also seeks declaratory judgment pursuant to Title 28 Sec. 2201 and 2202.

3. Venue is proper in this Court because the acts complained of therein occurred within the District of Columbia.

## PARTIES

4. Clarence Stringer, the Plaintiff, is of African-American descent and resides at 2501 2nd Street NE, Washington DC 20002; and, is employed by the Bureau as a Final Verifier.

5. Henry M. Paulson Jr. is the current Secretary of the U.S. Department of the Treasury.

6. Ms. Brenda Veal-Munoz is a female member of the majority race; and, the Acting Chief of the Office of Compliance for the Bureau.

7. Larry Felix is African American male; and, the Director of Engraving and Printing for the Bureau.

## FACTUAL ALLEGATIONS

### COUNT I

8. On September 18, 2006, Bureau Supervisor Mary Smith charged the Plaintiff with being AWOL on September 15, 2006, unless proper documentation was submitted.

9. On September 22, 2006, Clifton Davis Jr. of the Bureau's Accountability Operations Branch, upheld Mary Smith's AWOL Charge against the Plaintiff.

10. According to Section 6 of Article 33 of the Collective Bargaining Agreement, on or about September 22, 2006, the Plaintiff appealed Smith's charge to Clifton Davis, of Accountability of Operations.

11. Clifton Davis's actions repudiated the agreement in that Davis failed to respond to the Plaintiff's grievance within fifteen (15) days.

12. On or about September 27, 2006, in accordance with Section 6, Step 1 of Article 33 of the Agreement, the Plaintiff filed his grievance with Acting Chief Ms. Veal-Munoz.

13. According to Step 1 under Section 6 of Article 33, Acting Chief Veal-Munoz shall meet and discuss the grievance with the Plaintiff within three (3) days of receipt of the same, filed in her office on September 27, 2006.

14. Acting Chief Veal-Munoz's actions repudiated the agreement in that she (Munoz) failed or refused to meet and discuss the grievance with the African American Plaintiff from September 27, 2006 thru September 30, 2006, a violation of the

5

Agreement, and the Plaintiff's right to due process as guaranteed under the Fifth (5th) and Fourteenth (14th) Amendments of the U.S. Constitution.

15. According to Step 1 under Section 6 of Article 33, Acting Chief Veal-Munoz <u>must</u> investigate, deliberate, and respond in writing to the Plaintiff within five (5) days of receipt of the grievance, submitted to her office on or about September 27, 2006.

16. Acting Chief Veal-Munoz's (white) actions of failing or refusing to submit a written statement supporting her investigation and deliberation of the grievance, was an intentional repudiation of the Agreement; and, the Plaintiff (African-American) was denied his right to due process as guaranteed under the Fifth and Fourteenth Amendments of the U.S. Constitution.

17. In accordance with Step 2 of Section 6 of Article 33 of the Agreement, the Plaintiff appealed Acting Chief Veal-Munoz's non-response to CFO Olijar on or about October 20, 2006.

18. In accordance with the Agreement, CFO Olijar, responded within three (3) days; and, ordered Acting Chief Veal-Munoz to respond to the Plaintiff's grievance in writing.

19. On or about October 23, 2006, Acting Chief Veal-Munoz met with the African American Plaintiff in person for the first time, discussed the issues raised in the grievance; but failed to respond to the grievance properly. Acting Chief Munoz issued a written finding that stated facts that were not at issue, nor relevant, to the September 18, 2006 AWOL Charge. Veal-Munoz's actions represent her refusal to be bound by the Agreement, as such, Acting Chief failed to act in good faith in her investigation. Because her (Munoz) actions repudiated the Agreement, and violated the spirit of a good faith

6

investigation of the grievance. Munoz's decision to uphold Mary Smith's impertinent September 18, 2006 AWOL charge against the Plaintiff was predicated upon unsubstantiated facts in the records for the charge, and violated the Plaintiff's rights to due process.

20. On or about October 30, 2006, the Plaintiff appealed his grievance to Larry Felix, the Director of the Bureau's Engraving and Printing Division.

21. On or about November 22, 2006, Director Felix's actions also repudiated the Agreement, in that he (Felix) found the grievance was properly handled, a decision that was inopposite to the procedure established in Section 6, Step 1 and Step 2 of Article 33 of the Collective Agreement. Moreover, the Director's actions repudiated the agreement because he (Felix) referred the grievance back to Acting Chief Veal-Munoz for arbitration, instead of dismissing the AWOL Charge. Acting Chief Veal-Munoz had violated the Plaintiff's rights under the Agreement twice, a guaranteed process according to the due process clause of the Fifth and Fourteenth Amendments of the U.S. Constitution. Felix's actions repudiated the Agreement because he (Felix) did not have the authority to order the grievance to arbitration; the Union is the only party with that authority.

COUNT II

22. The Plaintiff restates and realleges all the statements made in Count I, paragraphs one (1) thru twenty one (21) of the complaint. In addition too and more particular the Plaintiff alleges that:

7

23. On or about September 27, 2006, the Plaintiff submitted a grievance objecting to the denial of his leave request, a benefit of his employment. The Plaintiff filed the grievance with Acting Chief Brenda Veal-Munoz for resolution, in accordance with Step One (1), Sec.6 of Article 33 of the agreement between the Treasury Department and the Union.

24. According to Step One (1), Sec. 6 of Article 33 of the Agreement, Acting Chief Brenda Veal-Munoz shall meet with the Plaintiff in person within three (3) days of receiving the grievance; and, Acting Chief Brenda Veal-Munoz shall investigate the grievance and submit a written report of her findings within five (5) days of receiving the grievance.

25. Accordingly, Acting Chief Brenda Veal-Munoz who is white, failed or refused to meet with the Plaintiff who is African American, in violation of the Plaintiff's rights according to Step 1, Sec. 6 of Article 33 of the Agreement.

26. Accordingly, Acting Chief Brenda Veal-Munoz who is white, failed or refused to submit a written finding of her investigation to the African American Plaintiff, in violation of the Plaintiff's rights according to Step 1, Sec. 6 of Article 33 of the Agreement which guarantees the Plaintiff the right to use his leave, a benefit of his employment relationship with the bureau accordingly.

27. By reason of the Defendant Brenda Veal-Munoz's negligence in thus refusing to meet with the Plaintiff and thus failing or refusing to investigate the Plaintiff's grievance and; failing or refusing to submit a written report of the investigation to the African American Plaintiff, the Plaintiff has been denied his right to the process due him

8

according to the Agreement and guaranteed by the Fifth Amendment of the U.S. Constitution. The Plaintiff has been injured financially in defending his rights.

28. In retaliation for defending his constitutional right to due process, as recently as February of 2008, the Plaintiff has been subjected to additional emotional distress and mental anguish in trying to cope with the harassment of Clifton Davis, another member of the Bureau's Management Staff. The harassment has been continuous.

28. Plaintiff, according to Title 28, Sec. 2671 of the Federal Tort Claim Act, filed a Tort Claim with the Treasury Department in July of 2007; and, now seeks compensatory damages, damages for emotional distress and mental anguish, his cost and expenses, the restoration of his sick leave, and the assistance of the Treasury Department to obtain a transfer to a comparable or like position in the federal government.

29. Plaintiff, pursuant to Title 28, Sec. 2671, met with the bureau on or about March 20, 2008 in an attempt to resolve the dispute, to no avail.

## CLAIMS

30. Section 6, Steps 1 and 2 of Article 33 of the Agreement between the Bureau and Columbia Lodge 174 is the rule and guide for the grievance process. The former and the latter agreed to abide by this process. Acting Chief Veal-Munoz and Director Larry Felix's actions repudiated the spirit and the letter of the Agreement. Moreover, by not dismissing Supervisor Mary Smith's September 18, 2006 AWOL Charge, Munoz and Felix's actions were not in the furtherance of justice for the Plaintiff.

a. The decisions by Felix and Munoz repudiated the Agreement; and, deprived the Plaintiff of his liberties to use his sick and annual leave (property rights), without the

process due under the Code of Federal Regulations, a violation of the Fifth and Fourteenth Amendments of the U.S. Constitution.

    b. The right of the Plaintiff to exercise his liberty to enjoy the pursuit of his lively hood without undo interference from management.

    c. The right of the Plaintiff to exercise his right to leave under the Agreement without interference from his Supervisor and Management.

    d. The right of the Plaintiff to have his Supervisor and Management reduce to writing the reason why his request for leave was denied.

    f. The right of the Plaintiff to use his leave for medical or dental purposes without an explanation, unless abuse of the same is noted in his record.

    g. The right of the Plaintiff to have the AWOL Charge dismissed because Management repudiated the Agreement, in that they failed or refused to follow Section 6, Step 1 and 2 of Article 33 of the Agreement.

    h. The right of the Plaintiff to use his employment benefit (sick leave) per the applicable standard.

    i. The right of the Plaintiff to transfer to a comparable or like position in another government agency, with the Bureau's assistance.

    j. The right of the plaintiff to compensatory damages, damages for the emotional distress and mental anguish he has suffered as a result of the negligence of Brenda veal-Munoz.

    k. The right of the Plaintiff to reinversement for the cost for filing this action, expenses under the federal tort Claims Act; and, no retaliation for exercising my rights.

## PRAYER

WHEREFORE Plaintiff prays that this Court:

1. Assume jurisdiction of this action

2. Issue a temporary restraining order, a preliminary injunction, and a permanent injunction restraining Defendants and their employees, agents, and servants from enforcing Director Felix's November 22, 2006 order and findings.

3. Declare Director Felix's November 22, 2006 order and findings repudiate the Agreement; and violate the Constitution of the United States, as set forth above;

4. Award Plaintiff his costs, pursuant to 42 U.S.C. Sec. 1988; and

5 Enter such other and further relief as the Court deems just and proper.

6. Compensatory damages, damages for emotional distress and mental anguish, cost to file this action, expenses, the Bureau's assistance in a transfer to a like or comparable position in another government agency.

7. No retaliation for exercising my rights.

Respectfully Submitted,

*Clarence Stringer*
Clarence Stringer, pro se

11

## CERTIFICATE OF SERVICE

I DO HEREBY SWEAR THAT, a true copy of the Third Amended Complaint was sent by U.S. mail, first class, postage prepaid on April 2nd 2008 to:

Blanche Bruce, Esq.
Asst. U.S. Attorney
For the District of Columbia
555 Fourth Street NW
Washington, DC 20005

*Clarence Stringer* (signature)
Clarence Stringer, pro se
2501 2nd Street NE
Washington DC 20002
(202) 832-6149

12