UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARENCE STRINGER, )<br>)<br>   Plaintiff, )<br>)<br>  v. )<br>)<br>HENRY M. PAULSON, JR., Secretary, )<br>U.S. Department of the Treasury, et al )<br>)<br>   Defendants. )<br>)<br>_____ ) | Civil Action No: 06-2098 |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT FOR A THIRD TIME

Defendants respectfully move the Court to deny Plaintiff's Motion for Leave to Amend His Complaint for a Third Time because Plaintiff has failed to demonstrate how justice would be served by amending complaint to add a Federal Tort Claim Act claim because he was absent without leave (AWOL) for one day.

A motion to amend may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, by virtue of allowance of the amendment, futility of amendment, etc. . . " Foman v. Davis, 371 U.S. 178, 181-82 (1962). Applying this standard to the case at bar, the Plaintiff's motion should be denied based on the futility of the amendment to his complaint. Plaintiff acknowledges in his motion that "the facts in support of the Tort Claim arise out of the same core of facts as stated in [his] 2nd Amended Complaint, the same seeks to amend his complaint to include the Tort Claim" (Pl. Mtn at 1). Plaintiff's Complaint arises from a personnel action, being AWOL from his office on September 15, 2006 (See Defendants' Motion to Dismiss


for factual background at 2-3).

As Defendants have stated in its Motion to Dismiss (Docket #23), Plaintiff's unauthorized sick leave is governed by the Civil Service Reform Act (CSRA). CSRA provides the exclusive remedy for federal employees complaining of work related adverse personnel actions and the Federal Employees' Compensation Act (FECA) provides the exclusive remedy for physical and emotional injury sustained on the job. See, e.g., Spagnola v. Mathis, 859 F.2d 223, 229-30 (D.C. Cir. 1988) (en banc) (recognizing the exclusivity of the CSRA remedies); Bush v. Lucas, 462 U.S. 367 (1983)

In Bush v. Lucas, 462 U.S. at 388, the Supreme Court observed that the CSRA is "an elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations." The CSRA does exclude some classes of employees with the result that they may not have a judicial remedy to pursue. Their exclusion, however, does not alter the fact that the CSRA is the exclusive vehicle for federal employees challenging adverse employment decisions. The Supreme Court and this Circuit have held that the exclusion of a class of employees from the protection of the CSRA does not leave these employees free to pursue whatever judicial remedies they would otherwise have had. United States v. Fausto, 484 U.S. 439, 447 (1988); American Postal Workers Union, AFL-CIO v. United States Postal Service, 940 F.2d 704, 709 (D.C. Cir. 1991). Rather, such exclusion evinces a clear congressional intent to deny the excluded employees the protection afforded others through the CSRA, including judicial review. Fausto, 484 U.S. at 447.

Similarly, the FECA, 5 U.S.C. § 8101, et seq., provides the exclusive remedy for liability created both by negligent and intentional work-related acts. See 5 U.S.C. § 8116(c).[1] Plaintiff's

---

[1] Section 8116(c) provides:

> The liability of the United States or any other instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the

contentions that he suffered emotional injury as a result of the actions of the federal defendants falls squarely within the FECA's reach. Hence, plaintiff is precluded from bringing any claim for recovery under the FTCA. See Sheehan v. United States, 896 F.2d 1168, 1173, as amended by 917 F.2d 424 (9th Cir. 1990); Woodruff v. United States Department of Labor, 954 F.2d 634, 638-39 (11th Cir. 1992) (civilian Army employee injured in motor vehicle accident during his lunch hour could not maintain an FTCA claim, because of the exclusivity of the FECA remedy); Heilman v. United States, 731 F.2d 1104, 1110 (3d Cir. 1984) (Estate of worker engaged in decontaminating radioactive ships and who died of radiation exposure could not maintain an action for failure to warn of hazards of radiation in light of FECA's exclusive remedy provisions); City of Whittier v. United States Department of Justice, 598 F.2d 561, 563 (9th Cir. 1979) (law enforcement officer engaged in the apprehension of persons committing federal crimes was eligible for FECA benefits, which constituted his, and his subrogee's, exclusive remedy against the United States); Gunston v. United States, 235 F. Supp. 349 (N.D. Cal. 1964) (Suit alleging negligence in the failure to discover a Navy Yard employee's mental condition was barred), aff'd, 358 F.2d 303 (9th Cir.), cert. denied, 384 U.S. 993 (1966); Southwest Marine, Inc. v. Gizoni, 502 U.S. 81, 90 (1991) (the courts have no jurisdiction over FTCA claims where the Secretary of Labor determines that FECA applies); Eagle-Picher Industries, Inc. v. United States, 937 F.2d 625, 628, 634 (D.C. Cir. 1991).

    Furthermore, Plaintiff failed to submit a sufficient "claim for money damages" as required

---

    instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute. However, this subsection does not apply to a master or a member of a crew or vessel.

5 U.S.C. § 8116(c).

under 28 U.S.C. §2672.  For purposes of the provisions of 28 U.S.C. §2672, a claim is deemed to have been presented when a claimant, or his legal representative, submits to a federal agency "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident."  28 CFR §14.2(a); see also Molinar v. US, 515 F.2d 246, 248 (5th Cir. 1975).  Although Plaintiff is not required to submit a particular form of notice, the submission must place a sum certain value on the claim.  GAF Corp. v. United States, 818 F.2d 901 (D.C. Cir. 1987); Pullen v. United States, 1997 U.S. Dist. LEXIS 8910 (D.D.C. 1997).[2]  Plaintiff in the present case failed to indicate any "sum certain" for his damages.  Thus, Plaintiff's FTCA claim is barred for this reason as well.

## Conclusion

Based on the foregoing reasons, the Plaintiff's request for leave to amend his complaint be denied.

Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/_____
BLANCHE L. BRUCE , D.C. BAR # 960245
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417

---

[2]  Plaintiff's constitutional claims are addressed in Defendant's Motion to Dismiss (Docket # 23).

        Washington, D.C. 20530

        Of Counsel
        Gail Serenco
        U.S. Department o f Treasury

## CERTIFICATE OF SERVICE

I hereby certify that on this 16TH day of April, 2008, I caused service of the foregoing Defendant's motion to be made on the *pro se* plaintiff via first class mail:

        Clarence Stringer
        2501 2nd Street, N.E.
        Washington D.C.  20002

        Respectfully submitted,

        /s/_____
        Blanche Bruce
        Assistant United States Attorney
        555 Fourth Street, N.W., Room E-4417
        Washington, D.C. 20530
        (202) 307-6078(telephone)
        (202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARENCE STRINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No: 06-2098 |
| | ) |
| HENRY M. PAULSON, JR., Secretary, | ) |
| U.S. Department of the Treasury, et al | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

Upon Consideration of Plaintiff's Motion for Leave to Amend his Complaint for a Third Time and Defendants' opposition, and the entire record herein, it is hereby **ORDERED** that the Plaintiff's Motion is **DENIED**.

It is **SO ORDERED** this _____ day of _____, 2008.

_____
United States District Judge